UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ENGEL FRANCISCO C. S.,

          Petitioner,

    v.

ERNESTO SANTACRUZ, et al.,

          Respondents.

No. 1:26-cv-02650-TLN-AC

**ORDER**

This matter is before the Court on Petitioner Engel Francisco C. S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Respondent filed an opposition.  (ECF No. 9.) For the reasons set forth below, Petitioner's habeas petition is GRANTED.[2]  (ECF No. 1.)

    **I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is noncitizen who entered the United States on February 18, 2022.  (ECF No. 9 at 1.)  On February 22, 2022, Petitioner was released on an Order of Release on Recognizance.

[1]     The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]     On April 14, 2026, the Court issued a minute order granting Petitioner's habeas petition and ordering his immediate release.  (ECF No. 10.)  This Order explains the Court's reasoning.

1

(*Id*. at 2.)  Record checks reflect that the Notice to Appear issued to Petitioner was never filed with the Executive Office for Immigration Review.  (*Id*.)  Following his release, Petitioner developed strong community ties in Las Vegas, Nevada and was employed as a cook.  (ECF No. 1 at 6.)

On March 15, 2026, Immigration and Customs Enforcement arrested Petitioner pursuant to an administration warrant.  (ECF No. 9 at 2.)  Petitioner was provided with a Superseding Notice to Appear and placed in removal proceedings.  (*Id*.)

On April 8, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Petitioner challenges the lawfulness of his civil detention.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner alleges that his detention without a bond hearing violates the INA, 8 U.S.C. §1226(a).  (ECF No. 1 at 9.)  Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), which does not provide for a bond hearing.  (ECF No. 9 at 2.)

Under the INA, 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Section 1226(a) provides the Government

broad discretion whether to release or detain the individual and it provides several layers of review for an initial custody determination. *Id.* It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202. Additionally, § 1226(a) authorizes discretionary detention upon issuance of an administrative warrant. 8 U.S.C. § 1226(a).

Conversely, 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing.

Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who reside in the United States. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

For these reasons and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2).

Rather, Petitioner's detention is governed by § 1226(a) and he is entitled to the process required by that provision including a bond hearing, at minimum.

Respondents have not provided any such bond or custody hearing.  Therefore, Respondents violated § 1226(a) of the INA.

**IV.   CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.     Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.     Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.     The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 19, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4